1   MICHAEL N. FEUER, City Attorney (SBN 111529x) [No Filing Fee Per Gov't Code § 6103]
    THOMAS H. PETERS, Chief Assistant City Attorney (SBN 163388)
2   WAYNE H. SONG, Managing Assistant City Attorney (SBN 185473)
3   **SHAUN DABBY JACOBS, Deputy City Attorney (SBN 185073)**
    200 North Main Street, City Hall East, 7th Floor
4   Los Angeles, California 90012
    Tel.: (213) 978-8288
5   Fax: (213) 978-8216
    E-mail:  shaun.jacobs@lacity.org
6
7   Attorneys for Defendant, **CITY OF LOS ANGELES**

8                    **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MARTIN SPANN,                        )    Case No.:  **CV14-01751 AB (AGRx)**
                                          )
12                                        )
13  Plaintiff,                            )    [~~PROPOSED~~] **PROTECTIVE**
                                          )    **ORDER RE STIPULATION RE**
14      v.                                )    **CONFIDENTIALITY ISSUES**
                                          )    **GOVERNING LOS ANGELES**
15                                        )    **POLICE DEPARTMENT**
    CITY OF LOS ANGELES, a government    )    **INTERNAL AFFAIRS**
16  entity;                               )    **INVESTIGATION CF13-003105**
                                          )    **AND CF09-004894**
17  and DOES 1 through 100, inclusive,    )
                                          )
18  Defendants.                           )
                                          )
19                                        )
                                          )
20                                        )
                                          )
21

22

23  IT IS HEREBY STIPULATED by and among the parties hereto and through their

24  respective counsel of record as follows:

25      1.     In an effort to avoid law and motion, counsel for the City of Los Angeles

26  has agreed to produce the following items regarding Los Angeles Police Department

27  ("LAPD") Internal Affairs Investigation CF 13-003105 and the relevant portions of

28                                         1

1  CF09-004894, as well as any other personnel or discipline records relating to

2  harassment from 2007 to the present of the LAPD employees identified in footnote one

3  subject to this Protective Order:[1]

4       a.     Any and all audio and video recordings of interviews of witnesses and

5  parties conducted by the LAPD Internal Affairs Department/Division;

6       b.     Transcripts of any audio recordings of interviews conducted by the LAPD

7  Internal Affairs Department/Division;

8       c.     Any and all photographs collected during the course of the investigation or

9  taken in connection with the investigation

10  (color duplicates to be produced);

11       d.     Any and all audio and video recordings collected during the course of the

12  investigation or generated in connection with the investigation;

13       e.     Any and all police reports, arrest reports, vehicle reports and incident

14  reports collected during the course of the investigation or generated in connection with

15  the investigation;

16       f.     Any written statements obtained from Martin Spann or any other witnesses

17  by the LAPD Internal Affairs Department/Division, regardless of form;

18       g.     Any other evidence collected by the LAPD Internal Affairs

19  Department/Division in connection with the subject investigation.

20       2.     The City of Los Angeles will produce all of these items within five

21  (5) days of receiving notice of the Court's Order granting this Stipulation.

22       3.     The City of Los Angeles will not produce any reports, summaries,

23  notes or other documents that were generated by the LAPD Internal Affairs

24  Department as a result of Internal Affairs Investigation CF 13-003105 or 09-

25  004894 that reflects the Department's opinions or conclusions.

26

27  [1] Duane Aikins, Jeffrey Collado, Vance Deruise, Eric Eppolito, Scott Fairchild, Charles
Hearn, Robert Schlesinger, and Jerico Velasquez.

28  2

4.      The parties and the City of Los Angeles hereby stipulate and submit the following proposed protective order concerning the production of these items.

## PROPOSED PROTECTIVE ORDER

The protective order shall govern the disclosure of Los Angeles Police Department ("LAPD") Internal Affairs Investigations CF13-003105, CF09-004894, as well as any other personnel or discipline records relating to harassment from 2007 to the present of the LAPD employees identified in footnote one of the Stipulation subject to this Protective Order, in the civil lawsuit entitled Martin Spann v. City of Los Angeles, bearing case number CV14-01751 AB (AGRx).

1.      All internal affairs documents produced by the City of Los Angeles as
        ordered by the Court (hereinafter collectively "the Protected Documents")[2], will be
clearly designated prior to the disclosure or production of such Protected Documents, and will bear the notation of "Confidential" on each page provided the notation does not obscure or obliterate the document's contents. All Protected Documents shall be subject to this Protective Order as follows.

2.      Each person receiving any of the Protected Documents shall not disclose to any person or entity, in any manner, including orally, any of the Protected Documents or any of the information contained therein, except when used for purposes of this litigation pursuant to this protective order.

3.      The Protected Documents and all information contained therein, may only be disclosed to the following "qualified" persons:

(a) Counsel of record for the parties to this civil litigation;

(b) Plaintiff and Defendant City of Los Angeles and its employees,

---

[2] Documents may qualify as Protected Documents only if they have not been made public.

(c) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record.

(d) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

4.     The confidential information may be disclosed to the Court and court personnel in connection with this litigation. Protected Documents that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending to use information from Protected Documents at trial or any pretrial proceeding must both: (a) apply to submit unredacted documents containing information from Protected Documents under seal; and (b) file public versions of the same documents with the information from Protected Documents redacted.

5.     In the event this matter proceeds to trial, to the extent that any of the Protected Documents are offered into evidence, those Protected Documents will become public, unless sufficient cause is shown in advance of trial to proceed otherwise.

6.     The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter, which include Protected Documents or descriptions thereof shall be subject to this Order and precluded from providing any portions of the original deposition videotape, audiotape, or exhibits which relate to the Protected Documents or information to any persons other than counsel of record, absent order of the court.

7.     Those attending any depositions in this matter, shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including

4

1  orally, any statements relating to information within the Protected Documents made by
2  a deponent during the course of said depositions.

3      8.    At any deposition in this matter, should there be persons in attendance who
4  are not authorized to access to the Protected Documents or information, such persons
5  shall be removed from the deposition room at any time information relating to the
6  Protected Documents or protected information is disclosed or discussed.

7      9.    The Protected Documents shall be used solely in connection with the
8  preparation and trial of the within civil action Martin Spann v. City of Los Angeles,
9  bearing case number CV14-01751 AB (AGRx), or any related appellate proceeding,
10  and not for any other purpose, including, without limitation, any other litigation or
11  administrative proceedings or any investigation related thereto.

12      10.    This Order may not be modified unless by written consent of the parties and
13  approval of the Court. Any party may move for a modification of this Order at any time.

14      11.    This Order is made for the purpose of ensuring that the Protected
15  Documents and the information contained therein will remain confidential.

16      12.    At the conclusion of this litigation, upon request of counsel for the City of
17  Los Angeles, all parties shall return all Protected Documents to the City of Los
18  Angeles. Alternatively, the receiving parties and every other person and/or entity who
19  received originals or copies of the protected information may destroy all such material
20  and material derived therefrom within thirty (30) calendar days after the conclusion of
21  this case. Additionally, within thirty (30) calendar days after the conclusion of this case,
22  counsel for the receiving parties shall send a signed declaration stating that such
23  material has been destroyed pursuant to this Protective Order.

24      13.    Nothing in this Order shall be construed as authorizing a party to disobey a
25  lawful subpoena issued in another action.
26  ///
27
28              5

1       **GOOD CAUSE APPEARING,** the Court hereby approves this Stipulation and

2 Protective Order.

3

4       **IT IS SO ORDERED**.

5       DATE: 3/17/2015

6       THE HONORABLE ANDRE BIROTTE

7       Judge of the United States District Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6